(No. 769—Claimant awarded $3500.00.)

RAYMOND THOMPSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 29, 1925.*

GOVERNMENTAL FUNCTION—*not liable for injuries sustained by inmate of its institution.* The State in conducting, and in repair of the Illinois State Reformatory at Pontiac, exercises a governmental function and is not liable for injuries sustained by an inmate thereof while working under the order or direction of the officers or agents of the institution.

SOCIAL JUSTICE AND EQUITY—*award may be made.* Although no legal liability exists against the State for injuries sustained by an inmate of its institution, yet where the evidence and circumstances justify it, the court may enter an award in favor of claimant as an act of social justice and equity.

OSCAR J. PUTTING, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a case filed by Raymond Thompson, the claimant, by O. J. Putting, his attorney. The declaration states that on to-wit: the 28th day of November, A. D. 1922, the claimant, Raymond Thompson, was an inmate of the Illinois State Reformatory, at Pontiac, Illinois, under sentence of the circuit court of Sangamon county, in said State of Illinois, and was then and there engaged in serving his time in compliance with said sentence of said court, and was in the care, custody and control of the officials and representatives of said State of Illinois, in charge of said Illinois State Reformatory. The claimant avers that on the 28th day of November, A. D. 1922, at the place aforesaid, he was ordered and directed by certain persons and officials of the Illinois State Reformatory, who then and there had charge and control of him, the claimant, to assist in taking down certain forms in and near certain concrete work in and near said Illinois State Reformatory where certain improvements were being made in and about the property of the State of Illinois; that in obedience to the orders and directions of said persons and representatives of the State of Illinois, he did assist in taking down said forms and woodwork in and about said concrete work; and the claimant avers that while he was thus engaged in said work in obedience to the orders and commands of said persons said concrete work gave way and fell upon him, the claimant,

knocking him to the floor and ground there with great force and violence, breaking bones of the claimant and bruising and lacerating him about the body.

It is stipulated and agreed by and between Raymond Thompson, the claimant, and Oscer J. Putting, his attorney, and the State of Illinois by Edward J. Brundage, its Attorney General, that Raymond Thompson on or about the 28th day of November, A. D. 1922, was an inmate of the Illinois State Reformatory at Pontiac, Illinois, under sentence of court, and that he was confined in such institution serving such sentence of Court; that at the time in question said Raymond Thompson was a minor of the age of nineteen (19) years, and was in good health until he received the injuries hereinafter mentioned; that at the time in question the officers of said Illinois State Reformatory and the State of Illinois were engaged in certain construction work and in making certain improvements and repairs in connection with one of the buildings of said Illinois State Reformatory; that in the course of said work a certain concrete arch was constructed, by erecting certain forms and pouring concrete therein; that at the time in question said Raymond Thompson, together with certain other inmates of said institution, was ordered to assist in removing said forms surrounding said concrete arch, before said concrete had become properly set and hardened.

It is further stipulated and agreed that while said forms were being removed from said concrete arch, and while the said Raymond Thompson was then and there engaged in obeying the orders and directions of the officers of said Illinois State Reformatory by assisting in the removal of said forms from said concrete arch, said arch broke and fell and certain portions of said concrete in said arch of great weight fell and the said Raymond Thompson was struck by certain portions of said forms and concrete and knocked to the floor and ground there with great force and violence whereby and in consequence of which the vertebra of the said Raymond Thompson was broken and crushed and dislocated, whereby and in consequence of which said Raymond Thompson was then and there seriously and permanently injured; that his back was broken and he was then and there paralyzed from the waist line on down through both of his legs and feet; that since said date of November 28, A. D. 1922, he will be a bed patient so long as he lives; that he will be

utterly helpless and unable to provide anything by way of his own necessaries and maintenance; that he is a young man of no prospects of receiving money or assistance except by charity; that he is dependent solely on his mother for support at this time; that his mother is a poor woman with no means of any kind except what she is able to earn by means of doing family washings and other similar forms of labor for other people; that said construction work was in charge of and under the control of Chief Engineer Frank Gifford, who is no longer in the employment of said State of Illinois, having resigned from his position on the 14th day of October, A. D. 1923; that the cause of the injury of said claimant, Raymond Thompson, was carefully investigated by the Department of Public Welfare of the State of Illinois under the direction of the Honorable Sherman W. Searle, Assistant Director of said Department of Public Welfare; that in making said investigation said Sherman W. Searle took statements from different persons and had the same reduced to typewriting and reported the same to the Department of Public Welfare, together with the conclusions of him, the said Sherman W. Searle, from such investigation; and that a full and complete copy of such statements and conclusions of said Sherman W. Searle comprising a complete copy of his report is hereby attached and by this stipulation is admitted as the evidence in this case.

It is further stipulated that the copies of the letters hereto attached are copies of letters of the doctors who acquainted themselves with the physical condition of said Raymond Thompson, and that such copies do correctly set forth the said Raymond Thompson's injuries and his physical condition.

The Attorney General filed a demurrer to the declaration, which, as a matter of law, is sustained by the court.

From the stipulation on file in this court, and from the evidence of Sherman W. Searle, Assistant Director of the Department of Public Welfare, Dr. J. A. Marshall, Frank A. Gifford, William H. Bater, Wray W. Call, John R. Clevenger, and James W. Jones, the court finds that the said claimant, Raymond Thompson, is entitled to an award; and the court recommends that a trustee be appointed by the circuit court of Sangamon county, Illinois, to take charge of said sum of money so awarded said Raymond Thompson, invest same and to dispose of same in caring for and providing the necessary wants and comforts for the said Raymond Thompson, and

that the attorney fees of Oscar J. Putting, attorney for said claimant, Raymond Thompson, be fixed by said circuit court of Sangamon county.

The court therefore awards to the said claimant, Raymond Thompson, as an act of social justice and equity, the sum of $3,500.00.